## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER N. ASANOV,** *et al.,* | : | **CIVIL ACTION NO. 1:05-CV-0470** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **M. HAYES HUNT,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 8th day of May, 2006, upon consideration of the report of the magistrate judge (Doc. 78), recommending the granting of defendants' motion (Doc. 68) for judgment on the fourth-amended complaint, and of the objections thereto (Doc. 79), and upon further consideration of plaintiffs' motions (Docs. 71, 73) to compel and for sanctions, and it appearing that the fourth-amended complaint (Doc. 44) sets forth claims against defendants who are located, and avers conduct which allegedly took place, out-of-state and not within this forum,[1] see <u>Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.</u>, 983 F.2d 551, 554 (3d Cir. 1993) ("[T]he plaintiff bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities . . . or that the defendant has "continuous

---

[1] Although difficult to decipher, the fourth-amended complaint avers that defendants commenced a frivolous lawsuit, and submitted false statements to immigration authorities, in Mississippi. (<u>See</u> Doc. 44.)  <u>See also</u> <u>Asanov v. Gholson, Hicks & Nichols, P.A.</u>, No. 05-CV-2098 (M.D. Pa. May 8, 2006) (order of court dismissing similar action brought by plaintiffs).  The former claim was addressed by the United States District Court for the Northern District of Mississippi.  <u>See</u> <u>Asanov v. Hunt</u>, No. 03-CV-0654, (N.D. Miss. Dec. 13, 2004) (Complaint for Declaratory Judgment).

and systematic" contacts with the forum state . . . ."), but that affidavits appended to the fourth-amended complaint aver conduct that may be sufficient to invoke the jurisdiction of the court,[2] see FED. R. CIV. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1993) ("When reviewing a complaint, a court should consider not only the allegations contained in the complaint itself but also the exhibits attached to it . . . ."), and it further appearing that plaintiffs' motions (Docs. 71, 73) to compel and for sanctions relate to the production of discovery material not relevant to claims over which this court could exercise jurisdiction, it is hereby ORDERED that:

1.    The report and recommendation of the magistrate judge (Doc. 78) is ADOPTED as follows:

      a.    The motion for judgment on the pleadings (Doc. 68) is CONSTRUED as a motion to dismiss and GRANTED with respect to claims relating to the alleged frivolous lawsuit instituted, and false statements submitted to immigration authorities, in Mississippi.

      b.    The motion for judgment on the pleadings (Doc. 68) is otherwise DENIED.

2.    Plaintiffs shall be permitted to file, on or before May 20, 2006, a fifth-amended complaint.

---

[2] The affidavits aver that defendants installed or caused to be installed on plaintiffs' computers, located within the Middle District of Pennsylvania, "spyware," child pornography, and devices that inhibited and/or destroyed plaintiffs' work. (See Doc. 44 at 7-20.) See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.").

      a.     The fifth-amended complaint <u>shall set forth with specificity the facts and legal theories</u> supporting claims relating to defendants' alleged interference or attempted interference with plaintiffs' property located within the Middle District of Pennsylvania. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

      b.     The fifth-amended complaint <u>shall not make reference to any other previously filed document in this case</u>, and shall otherwise comply with all federal and local rules of civil procedure.  <u>See</u> F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 8(a), 10.

      c.     Plaintiffs shall not be permitted to file another complaint in this case absent leave of court.  <u>See</u>  F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 15(a).

3.     The motions (Docs. 71, 73) to compel and for sanctions are DENIED as moot.

4.     The above-captioned case is REMANDED to the magistrate judge for further proceedings.

    <u> S/ Christopher C. Conner   </u>
CHRISTOPHER C. CONNER
United States District Judge