UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER N. ASANOV,      :   **CIVIL NO. 1:05-CV-0470**
LUDMILA A. ASANOV and      :
OLGA S. ASANOV,          :
                         :
          Plaintiffs      :   (Judge Conner)
                         :
     v.                  :   (Magistrate Judge Smyser)
                         :
M. HAYES HUNT and         :
MARINA Y. HUNT           :
                         :
          Defendants      :

## REPORT AND RECOMMENDATION

On March 4, 2005, Alexander N. Asanov and
BioElectroSpec, Inc. commenced this action by filing a
complaint.  The complaint named as defendants M. Hayes Hunt and
Marina Y. Hunt.

On May 20, 2005, an amended complaint was filed by
Alexander N. Asanov, Ludmila A. Asanov and BioElectroSpec, Inc.
The amended complaint named as defendants M. Hayes Hunt, Marina
Y. Hunt and Hunt Hayes Logging, Inc.

On August 3, 2005, a second amended complaint was filed
by  Alexander N. Asanov, Ludmila A. Asanov and BioElectroSpec,

Inc.  The second amended complaint named as defendants M. Hayes Hunt, Marina Y. Hunt and Hunt Hayes Logging, Inc.

On August 17, 2006, a third amended complaint was filed by Alexander N. Asanov, Ludmila A. Asanov and BioElectroSpec, Inc.  The third amended complaint named as defendants M. Hayes Hunt, Marina Y. Hunt and Hunt Hayes Logging, Inc.

By an Order dated October 24, 2005, Judge Conner dismissed the second amended complaint and the third amended complaint without prejudice and granted the plaintiffs leave to file a fourth amended complaint.

On October 24, 2005, a fourth amended complaint was filed by Alexander N. Asanov, Ludmila A. Asanov and BioElectroSpec, Inc.  The fourth amended complaint named as defendants M. Hayes Hunt, Marina Y. Hunt and Hunt Hayes Logging, Inc.  On December 2, 2005, the defendants filed an answer to the fourth amended complaint.

On January 26, 2006, the defendants filed a motion for judgment on the pleadings.

2

By an Order dated April 11, 2006, plaintiff BioElectroSpec, Inc. was dropped as a party to this case.

By an Order dated May 8, 2006, Judge Conner construed the defendants' motion for judgment on the pleadings as a motion to dismiss and dismissed the plaintiffs' claims relating to an alleged frivolous lawsuit instituted by the defendants in Mississippi and false statements submitted to immigration authorities in Mississippi.  The defendants' motion for judgment on the pleadings was otherwise denied.  Judge Conner noted that the plaintiffs attached to the fourth amended complaint affidavits that aver that the defendants installed or caused to be installed on the plaintiffs' computers, located within the Middle District of Pennsylvania, "spyware," child pornography and devices that inhibited and/or destroyed the plaintiffs' work.  Judge Conner indicated that the affidavits aver conduct that may be sufficient to invoke the jurisdiction of this court.  Judge Conner granted the plaintiffs leave to file a fifth amended complaint.  Judge Conner ordered that the fifth amended complaint shall set forth with specificity the facts and legal theories supporting claims relating to the defendants' alleged interference or attempted interference with the plaintiffs' property located within the Middle District of

3

Pennsylvania, that the fifth amended complaint shall not make reference to any other previously filed document in this case, and that the fifth amended complaint shall otherwise comply with all federal and local rules of civil procedure.

On May 30, 2006, a fifth amended complaint was filed by Alexander N. Asanov, Ludmila A. Asanov and Olga S. Asanov.[1]  The fifth amended complaint names as defendants M. Hayes Hunt and Marina Y. Hunt.

The plaintiffs allege in the fifth amended complaint that the defendants instructed Dmitry Asanov, the minor son of plaintiff Alexander Asanov and defendant Marina Hunt, to install child pornography on the plaintiffs' personal and business computers at the plaintiffs' residence in Hummelstown, Pennsylvania and at BioElectroSpec, Inc, in Harrisburg, Pennsylvania.  The plaintiffs allege that the defendants instructed Dmitry to inform them after he installed the child pornography so that they could press criminal charges against

---

[1] The fifth amended complaint was incorrectly docketed (by the plaintiffs) as a motion to amend rather than as a fifth amended complaint.  By a separate order we have directed the Clerk of Court to correct the docket to reflect that the document (doc. 84) filed by the plaintiffs on May 30, 2006 is a fifth amended complaint rather than a motion to amend.

the plaintiffs for possession of child pornography.  The
plaintiffs further allege that the defendants instructed Dmitry
to install spyware on the plaintiffs' computers.  The
plaintiffs allege that they expended an enormous amount of
their time and the time of their colleagues and employees to
remove the child pornography and spyware from their computers,
that the quality of their federally-funded projects was
compromised, that they lost projected income and business
opportunities in the areas of biodefense, biology and medicine,
and that for several months they lost all sources of income and
had to lay off their employees.  The plaintiffs also allege
that they experienced emotional and psychological damage.

The plaintiffs allege that, in December of 2001 and
January of 2002 during a visit by Dmitry to the residence of
the plaintiffs in Hummelstown, the defendants instructed Dmitry
over the telephone and via the internet to treat his
stepmother, plaintiff Olga S. Asanov, as a prostitute.  The
plaintiffs further allege that in a January 2002 telephone call
from defendant Marina Hunt to plaintiff Alexander Asanov,
Marina Hunt stated that both Ludmilla Asanov and Olga Asanov
are prostitutes.  The plaintiffs also allege that defendant
Marina Hunt made slanderous statements about the plaintiffs in

Mississippi.  The plaintiffs allege that the defendants'
slander caused them emotional and psychological damage and that
they lost important professional contacts, projected income and
business opportunities.  The plaintiffs also allege that they
hired child psychologists, attorneys and a guardian ad litem to
protect the interests of Dmitry from the corruption of the
defendants.

The plaintiffs allege that in January of 2000, the
defendants vandalized BioElectroSpec's laboratory in
Mississippi, stole equipment from the laboratory, destroyed
optical, fluidic and electronic components, and stole business
documents from the laboratory.  The plaintiffs further allege
that the defendants stole a computer and deleted from its hard
drive unique research and business data.  The plaintiffs allege
that the loss of research and business data severely damaged
their projects and resulted in a loss of projected income and
business opportunities.

The plaintiffs allege that the defendants committed
fraud upon Mississippi state courts and filed a frivolous suit
in the United States District Court for the Northern District
of Mississippi.  The plaintiffs allege that the defendants, in

connection with their lawsuit in Mississippi, acted to intentionally interfere with the plaintiffs' research projects, business operations and family life in Pennsylvania, requested the production of an enormous amount of documents that were irrelevant to their fictitious claims, and committed fraud upon the court.  The plaintiffs allege that they spent an enormous amount of time preparing, copying, and mailing documents requested by the defendants in the Mississippi lawsuit.  The plaintiffs allege that the defendants' actions in connection with the lawsuit in Mississippi partially paralyzed their research projects and business activities and severely damaged them economically and psychologically.

The plaintiffs allege that defendant Marina Hunt made false statements to immigration authorities and fraudulently obtained her status as a permanent United States resident.

The plaintiffs are seeking compensatory and punitive damages.

On August 14, 2006, the defendants filed a motion to dismiss the fifth amended complaint and a brief in support of that motion.  The defendants argue that the fifth amended

complaint does not comply with Judge Conner's Order of May 8, 2006, that the court lacks subject matter jurisdiction, that the court lacks personal jurisdiction, that venue is improper in the Middle District of Pennsylvania, and that the plaintiffs are not entitled to damages for emotional or psychological harm in the absence of physical harm.

On August 19, 2006, the plaintiffs filed a motion requesting the court to schedule a hearing in connection with the defendants' motion to dismiss.  The plaintiffs assert that the defendants have attempted to present the case and underlying facts in a fictitious light, that the defendants are criminals, that the defendants have conspired with lawyers and judges in Mississippi, and that the defendants use fraudulent actions, fabricated documents and false statements to pursue their goal of having the court reject their complaints.  An evidentiary hearing upon the motion to dismiss the complaint is not warranted in this case.  It will accordingly be recommended that the plaintiffs' motion for a hearing be denied.

The defendants argue that the fifth amended complaint does not comply with Judge Conner's Order of May 8, 2006.  In the May 8th Order, Judge Conner dismissed the plaintiffs' claims

relating to an alleged frivolous lawsuit instituted by the defendants in Mississippi and false statements submitted to immigration authorities in Mississippi, granted the plaintiffs leave to file a fifth amended complaint, and ordered that the fifth amended complaint shall set forth with specificity the facts and legal theories supporting claims relating to the defendants' alleged interference or attempted interference with the plaintiffs' property located within the Middle District of Pennsylvania.

The defendants assert that in the Order of May 8, 2006, Judge Conner ordered that the fifth amended complaint be limited to allegations and legal theories regarding the defendants' alleged interference with the plaintiffs' business operations within the borders of the Commonwealth of Pennsylvania.  The defendants contend that the court should summarily dismiss all of the plaintiffs' claims other than the claim regarding Dmitry allegedly installing child pornography and spyware on the plaintiffs' computers at  the behest of the defendants.

In their fifth amended complaint, the plaintiffs again include claims regarding an alleged frivolous lawsuit

instituted by the defendants in Mississippi and false
statements submitted to immigration authorities in Mississippi.
Judge Conner has already dismissed those claims, and we do not
construe Judge Conner's order granting the plaintiffs leave to
file a fifth amended complaint as having granted leave to
replead those claims.  Additionally, although Judge Conner did
not explicitly order that the fifth amended complaint be
limited only to allegations and legal theories regarding the
defendants' alleged interference or attempted interference with
the plaintiffs' property located within the Middle District of
Pennsylvania, we construe the Order of May 8, 2006 considered
in the context of prior orders to have so limited the fifth
amended complaint.  We do not construe the Order of May 8, 2006
as granting the plaintiffs leave to plead or replead claims
apart from claims that the defendants interfered or attempted
to interfere with the plaintiffs' property located within the
Middle District of Pennsylvania.  Accordingly, it will be
recommended that all of the claims in the fifth amended claim,
except the claim that Dmitry installed child pornography and
spyware on the plaintiffs' computers upon instructions from the
defendants, be dismissed as not permitted by the Order of May
8, 2006.

The defendants contend that this court lacks subject matter jurisdiction.  Jurisdiction of the court in this case is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The defendants do not dispute that the parties are diverse. However, the defendants contend that the amount in controversy does not exceed $75,000.00.

"The amount in controversy is determined from the good faith allegations in the complaint." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.*

The plaintiffs allege that as result of Dmitry installing child pornography and spyware on their computers[2]

---

[2] The defendants assert that the computers on which the child pornography and spyware were allegedly installed were the business computers of BioElectroSpec, Inc.  BioElectroSpec, Inc. is no longer a plaintiff in this case and, the defendants contend, the plaintiffs can not recover for any damage to BioElectroSpec, Inc. The plaintiffs, however, allege in the fifth amended complaint that the defendants instructed Dmitry to install child pornography and spyware on the plaintiffs' personal computers at the plaintiffs'

they expended an enormous amount of their time and the time of their colleagues and employees to remove the child pornography and spyware from their computers, that the quality of their federally-funded projects was compromised, that they lost projected income and business opportunities in the areas of biodefense, biology and medicine, that for several months they lost all sources of income and had to lay off their employees, and that they experienced emotional and psychological damage. They allege that their estimated damages significantly exceed $75,000.00.  Further, they seek punitive damages.  We can not say based on the allegations made in the fifth amended complaint that it appears to a legal certainty that the claim is really for less than $75,000.  Accordingly, it will be recommended that the case not be dismissed for lack of subject-matter jurisdiction.

The defendants contend that this court lacks personal jurisdiction over them.

---

residence and at the plaintiffs' company.  At this point, we can not say that it is BioElectroSpec, Inc., rather than the plaintiffs, who were damaged by the defendants' alleged actions regarding child pornography and spyware.

"In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996). "But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Federal Rule of Civil Procedure 4 authorizes federal courts to assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district courts sits. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). The forum state in this case is Pennsylvania. Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States" and provides that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the

Constitution of the Untied States." 42 Pa.C.S.A. §§ 5322(b).
Thus, this court may properly exercise jurisdiction over the
defendant as long as exercise of that jurisdiction does not
violate due process. *Mellon, supra*, 960 F.2d at 1221.

Personal jurisdiction may be exercised under either the
theory of general jurisdiction or under the theory of specific
jurisdiction.

"When a state has general jurisdiction over a party,
that party can be haled into court in that state 'regardless of
whether the subject matter of the cause of action has any
connection with the forum.'" *Pennzoil Products Co. V. Colelli &
Associates,* 149 F.3d 197, 200 (3d Cir. 1998)(quoting *Farino,
supra* 960 F.2d at 1221)).  "A nonresident's contacts with the
forum must be 'continuous and substantial' to establish general
jurisdiction." *Id.* (quoting *Provident National Bank v.
California Federal Savings & Loan Assoc.,* 819 F.2d 434, 437 (3d
Cir. 1987)).  The plaintiff has not alleged or established
that the defendants had the type of continuous and substantial
contacts with Pennsylvania sufficient to support general
personal jurisdiction.  Accordingly, we turn to the question
whether the court has specific personal jurisdiction.

14

In determining whether this court may exercise specific personal jurisdiction we examine the relationship among the defendant, the forum, and the litigation. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002). "[T]he exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" US, Inc. V. Step Two, S.A.,* 318 F.3d 446, 451 (3d Cir.2003)(quoting *Pinker, supra,* 292 F.3d at 368). Beyond this basic nexus, the Due Process Clause requires "(1) that the 'defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum, . . . and (2) that 'subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Pinker, supra,* 292 F.3d at 368).

The term "minimum contacts" has been defined as "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 109 (1987)). "A single contact that

creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales, supra*, 384 F.3d at 96. However, "minimal communication between the defendant and the plaintiff in the forum state, without more," is not sufficient to subject the defendant to the jurisdiction of the forum's court system. *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 259 n.3 (3d Cir. 1998).

Pursuant to the "effects test" set forth by the Supreme Court in *Calder v. Jones,* 465 U.S. 783 (1984), "a court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO, supra,* 155 F.3d at 261.  However, more than a finding that the harm caused by the defendant was primarily felt within the forum is necessary. *Id.* at 265.  The "effects test" of *Calder* has been limited to cases where "the plaintiff can point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *Id.*

The plaintiffs in the instant case claim that the defendants directed Dmitry Asanov to install child pornography and spyware on the plaintiffs' personal and business computers at the plaintiffs' residence in Hummelstown, Pennsylvania and at BioElectroSpec, Inc, in Harrisburg, Pennsylvania.  The plaintiffs' claim is that the defendants used Dmitry to install the child pornography and spyware on the plaintiffs' computers in Pennsylvania.  If established, the plaintiffs' allegations give rise to a reasonable inference that the defendants purposefully directed their activities at the plaintiffs in the Commonwealth of Pennsylvania.[3]  The plaintiffs also allege that

_____

[3] The defendants have submitted an affidavit from Dmitry Asanov in which Dmitry states that the defendants never instructed, commanded, requested or suggested that he install spyware, pornography or any other foreign or harmful matter onto the plaintiffs' computers and that he never install any such matter on the plaintiffs' computers.  The plaintiffs, however, have submitted an affidavit from Denis K. Legeido in which Mr. Legeido states that Dmitry Asanov told him that defendant Hayes Hunt instructed him to install spyware on plaintiff Alexander Asanov's home and office computers.  Mr. Legeido also states that based on time stamps and login user identifications, spyware programs on plaintiff Alexander Asanov's computer could only have been installed by Dmitry.  Mr. Legeido also states that on one occasion he inadvertently witnessed that Dmitry was instructed over the phone by defendant Hayes Hunt to install child pornography on plaintiff Alexander Asanov's personal computers.  Plaintiff Alexander Asanov also submitted an affidavit in which he states that he intercepted several telephone calls from defendant Hayes Hunt to Dmitry in which Hunt instructed Dmitry to install spyware and links to internet web sites with child pornography on his computer.  We accept the plaintiffs' allegations as true and construe disputed facts in favor of the plaintiffs. *See Pinker, supra,* 292 F.3d at

they expended an enormous amount of their time and the time of their colleagues and employees to remove the child pornography and spyware from their computers, that the quality of their federally-funded projects was compromised, that they lost projected income and business opportunities in the areas of biodefense, biology and medicine, that for several months they lost all sources of income and had to lay off their employees, and that they experienced emotional and psychological damage. Again, if established, the plaintiffs' allegations indicate that their injuries arose out of the defendants' activities directed at the Commonwealth of Pennsylvania.  Accordingly, we conclude that the plaintiffs have established a prima facie case in favor of personal jurisdiction.  *See Miller Yacht Sales, supra*, 384 F.3d at 96 ("Specific jurisdiction over a defendant exists when that defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'").

---

368 ("Although the plaintiff bears the burden of demonstrating the facts that establish personal jurisdiction . . . in reviewing a motion to dismiss under Rule 12(b)(2), we 'must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'").

18

The court may consider in appropriate cases whether, even if the defendant has minimum contacts with the forum, the exercise of jurisdiction comports with notions of fair play and substantial justice. *Mellon, supra*, 960 F.2d at 1226. However, "[o]nce the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* The defendants have not argued the presence of any other factors that bear on the issue of fair play and substantial justice, and, therefore, we do not consider any such factors. *Id.* at 1227 ("Because the defendants bear the burden of showing the unreasonableness of an otherwise constitutional assertion of jurisdiction, and because they have failed to raise the issue in this court, we conclude that this is not an 'appropriate case" in which to consider the other factors bearing on 'fair play and substantial justice.'").

Since we conclude that the plaintiffs have established a prima facie case in favor of personal jurisdiction, we recommend that the defendants' motion to dismiss based on a lack of personal jurisdiction be denied.

The defendants argue that venue is not proper in the Middle District of Pennsylvania.

Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in a district in which a substantial part of the events or omissions giving rise to the claim occurred.

The plaintiffs claim that the defendants instructed Dmitry to install the child pornography and spyware on their computers located within the Middle District of Pennsylvania.  Thus, we conclude that venue in proper in this district.

The defendants contend that the plaintiffs are not entitled to damages for emotional or psychological harm in the absence of physical harm.  The defendants construe the plaintiffs' claim as either a claim for negligent infliction of emotional distress or as a claim for intentional infliction of emotional distress.[4]  The defendants argue that a plaintiff

---

[4] We think that the allegations in the fifth amend complaint regarding Dmitry installing child pornography and spyware on the plaintiffs' computers could also be construed as a claim for intentional interference with contractual or prospective contractual relations.  The allegations could also possibly be construed as a claim for trespass to personal property. *See Sotelo*

asserting either a claim for negligent infliction of emotional
distress or intentional infliction of emotional distress must
allege some form of bodily harm.

Since the plaintiffs allege intentional conduct on the
part of the defendants we do not think that the plaintiffs'
claim can reasonably be construed as a negligent infliction of
emotional distress claim.  To the extent the plaintiffs' claim
is construed as a claim of intentional infliction of emotional
distress, we disagree with the defendants that the plaintiffs
need to allege bodily harm.

The Restatement (Second) of Torts § 46(1) defines the tort
of intentional infliction of emotional distress as follows:
"One who by extreme and outrageous conduct intentionally or
recklessly causes severe emotional distress to another is
subject to liability for such emotional distress, and if bodily
harm to the other results from it, for such bodily harm."  The
Pennsylvania Supreme Court has not expressly recognized a cause
of action for intentional infliction of emotional distress and

_v. DirectRevenue, LLC,_ 384 F.Supp.2d 1219 (N.D.Ill. 2005)(analyzing
claim that spyware was downloaded on computer without computer
owner's consent as a claim of trespass to personal property under
Illinois law).

has not formally adopted § 46 of the Restatement.  However, without deciding whether a cause of action for intentional infliction of emotional distress is recognized in Pennsylvania, the Pennsylvania Supreme Court has cited the Restatement as setting forth the minimum elements necessary to sustain such a cause of action. *Taylor v. Albert Einstein Medical Center,* 754 A.2d 650, 652 (Pa. 2000).

The defendants cite to the case of *Matczak v. Frankford Candy and Chocolate Co.,* 136 F.3d 933 (3d Cir. 1997), for the proposition that a plaintiff asserting either a negligent infliction of emotional distress claim or an intentional infliction of emotional distress claim must allege some form of bodily injury.  The Third Circuit stated in *Matczak* that a plaintiff must allege some form of bodily harm to maintain a claim of negligent infliction of emotional distress. *Id.* at 940.  The Court in *Matczak*, however, did not hold, state or in any way suggest that bodily harm must be alleged to maintain a claim of intentional infliction of emotional distress.

Section 46(1) of the Restatement does not provide that bodily harm must be established in connection with a claim for intentional infliction of emotional distress.  Rather, it

provides that a person who causes severe emotional distress to

another by extreme and outrageous conduct is liable for such

emotional distress, and if bodily harm results from it, for

such bodily harm.   A comment to Section 46 of the Restatement

explains that bodily harm is not required in connection with a

claim for intentional infliction of emotional distress:

> Normally, severe emotional distress is accompanied or
> followed by shock, illness, or other bodily harm,
> which in itself affords evidence that the distress is
> genuine and severe.  The rule stated is not, however,
> limited to cases where there has been bodily harm;
> and if the conduct is sufficiently extreme and
> outrageous there may be liability for the emotional
> distress alone, without such harm.  In such cases the
> courts may perhaps tend to look for more in the way
> of outrage as a guarantee that the claim is genuine;
> but if the enormity of the outrage carries conviction
> that there has in fact been severe emotional
> distress, bodily harm is not required.

*Restatement(Second) of Tort §46, Comment k. See also Mest v.*

*Cabot Corp.,* 449 F.3d 502, 519 (3d Cir. 2006)(stating that

under Pennsylvania law "plaintiffs who allege an intentional

tort may obtain damages for emotional distress even if they

have not suffered physical injury").


On the basis of the foregoing factors and rationale, it is

recommended that the plaintiffs' claims relating to the

installation by the defendants of child pornography and spyware

on the plaintiffs' computers not be dismissed on the grounds
that the plaintiffs have not alleged bodily harm.

Based on the foregoing, it is recommended that the
plaintiffs' motion (doc. 92) for a hearing be denied.  It is
further recommended that the defendants' motion (doc. 90) to
dismiss the fifth amended complaint be granted in part and
denied in part.  It is recommended that all of the plaintiffs'
claims in the fifth amended complaint be dismissed except the
plaintiffs' claims relating to Dmitry Asanov allegedly
installing child pornography and spyware on the plaintiffs'
computers at the behest of the defendants.  It is recommended
that the defendants' motion to dismiss be otherwise denied.
Finally, it is recommended that the case be remanded to the
undersigned for further proceedings.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  October 27, 2006.

24